John J. Nelson (SBN 317598)
**MILBERG, PLLC**
280 S. Beverly Drive, Penthouse
Beverly Hills, CA 90212
Tel: (858) 209-6941
jnelson@milberg.com

Danielle L. Perry (SBN 292120)
**MASON & PERRY LLP**
5335 Wisconsin Avenue NW
Suite 640
Washington, DC 20015
Tel: (202) 429-2290
dperry@masonllp.com

*Counsel for Plaintiffs and the Proposed Class*

**JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALLY ANDERSEN and MICHAEL KEMMERLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OAK VIEW GROUP, LLC,<br><br>Defendant. | Case No. 2:24-cv-00719-HDV-JPR<br><br>**[~~PROPOSED~~] FINAL APPROVAL AND JUDGMENT**<br><br>Judge: Hon. Hernán D. Vera<br>Date: August 13, 2026<br>Time: 10:00 a.m.<br>Courtroom: 5B<br><br>(Filed January 26, 2024) |

WHEREAS, the Court, having considered the Settlement Agreement filed February 17, 2026 (the "Settlement") between and among Named Plaintiffs Sally Andersen and Michael Kemmerlin ("Plaintiffs" or "Settlement Class Representatives"), individually and on behalf of the Settlement Class, and Defendant Oak View Group, LLC ("Oak View" or "Defendant" and collectively, the "Parties"), having considered the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), having held a Final Approval Hearing on August 13, 2026, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Plaintiffs' Motion for Final Approval of Class Action Settlement is **GRANTED**.

2. This Order incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order.

3. The Court has personal jurisdiction over Plaintiffs, the Settlement Class Members, and Defendant for purposes of this settlement, and has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, to enter judgment, and to dismiss the Litigation with prejudice.

## I. CERTIFICATION OF THE SETTLEMENT CLAS

4. Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Settlement Class for settlement purposes only:

All persons whose PII was compromised as a result of the Data Breach discovered by Oak View Group, LLC in November 2023 and for which it provided notice on or about January 2024.

5. Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendant, or their respective subsidiaries and affiliated companies; (2) governmental entities; and (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff, and (4) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. Such persons shall not receive the benefits of the Settlement and shall not be bound by this Order.

6. No Objections to the Settlement have been received and no member of the Class has timely requested exclusion from the Settlement.

7. For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

## II. NOTICE TO THE SETTLEMENT CLASS

8. The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval

Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

9. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without objection from any governmental entity.

## III. FINAL APPROVAL OF THE SETTLEMENT

10. The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant aided by the exchange of informal discovery.

11. The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

12. The Court finds that Plaintiffs and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

13. The Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV. DISMISSAL OF CLAIMS AND RELEASE

14. The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

15. Upon the Effective Date, and in consideration of the benefits set forth in the Settlement, Settlement Class Members release, acquit, and forever discharge Defendant and the Released Parties from any and all actual, potential, filed or unfiled, known or

unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, joint or several, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Incident and that were or could have been pleaded in the Complaint.

16. Upon entry of this Final Approval Order, the Settlement Class Representative and other Settlement Class Members who have not timely exclude themselves are barred from prosecuting any Released Claims in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement or by this Final Approval Order. The Settlement may be pleaded as a complete defense to any claim or proceeding described in the foregoing Paragraph.

17. Upon entry of this Final Approval Order, Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

## V. ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFFS' SERVICE AWARD

18. The Court awards attorneys' fees in the amount of $274,666.66, and reimbursement of costs and expenses in the amount of $1,987.90, and payment of a service award in the amount of $2,500 to Plaintiff. The Court directs the Settlement Administrator to pay such amounts from the Settlement Fund in accordance with the terms of the Settlement.

19. Simpluris is awarded $66,528.00 in Settlement Administration Costs to be paid from the Settlement Fund in accordance with the terms of the Settlement.

## VI. OTHER PROVISIONS

20. Without affecting the finality of this Final Approval Order in any way, the Court retains continuing and exclusive jurisdiction over the Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Settlement.

21. Nothing in this Final Approval Order, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

22. In the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and all orders entered in connection herewith shall be vacated and null and void, the Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

Dated: August 14, 2026

The Honorable Hernan D. Vera
United States District Judge